**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MISTA TURNER BURGESS, Individually )<br>  in her capacity as mother and next friend )<br>  of H.M.T., a minor child, )<br>  )<br>  Plaintiff, )<br>  )<br>vs. )<br>  )<br>CITY OF OKLAHOMA CITY, et al., )<br>  )<br>  Defendants. ) | NO. CIV-07-269-D |

**O R D E R**

Before the Court is the Motion to Dismiss of Defendant Carol Houseman [Doc. No. 59]. Plaintiff has responded, and Defendant has filed a reply brief. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant seeks dismissal of the Amended Complaint, arguing that the same fails to state a claim upon which relief may be granted against her; she also seeks dismissal on qualified immunity grounds.

I. Background:

Pursuant to 42 U. S. C. § 1983 and Oklahoma state law, Plaintiff Mista Turner Burgess ("Burgess") brings this action individually and as mother and next friend of her minor daughter, H.M.T. Plaintiff seeks damages resulting from the actions taken during a 2005 child abuse investigation by the Department of Human Services ("DHS") and the Oklahoma City Police Department, alleging that the named defendants violated her constitutional rights and those of her minor daughter, H.M.T. Defendant Carol Houseman ("Houseman"), a social worker employed by DHS, is sued in her individual capacity.

In the Amended Complaint, Plaintiff alleges five claims for relief; Houseman is named with

other defendants in the third, fourth, and fifth claims. The third claim is asserted on behalf of H.M.T. only and is based on the alleged violation of H.M.T.'s Fourth and Fourteenth Amendment rights; the claim is asserted against Houseman, Oklahoma City police officer Michael Klika ("Klika"), the City of Oklahoma City ("City"), and five John Doe defendants. The fourth claim is asserted against Houseman, Klika and the John Doe defendants; it alleges that Plaintiff Burgess's Fourteenth Amendment right to familial association was violated when the defendants removed H.M.T. from her custody without probable cause. The fifth claim is also asserted on behalf of Burgess, and it alleges that Houseman, Klika, and the John Doe defendants violated her Fourteenth Amendment liberty interest in the custody of her child by removing H.M.T. from her custody without due process.

The Amended Complain t alleges that the unconstitutional acts are related to an investigation of Burgess's former husband, John William Turner ("Turner"), who was accused by a minor male child of abuse; that child also reported that Turner had abused H.M.T. The minor's mother notified the Oklahoma City police, who reported the allegations to DHS. According to Burgess, she and Turner had joint custody of H.M.T.; she was not aware of the abuse allegations and continued to permit H.M.T.'s father overnight visitations. Burgess alleges that she was then contacted by Officer Klika, who advised that, although Burgess was not accused of child abuse, H. M. T. was being placed in DHS protective custody. According to Burgess, she was not aware of the abuse allegations until Officer Klika contacted her, and she did not believe Turner had abused H.M.T. Burgess alleges that she was told she was not a target of the investigation, but that she later learned she had been accused of failing to protect H.M.T. After H.M.T. spent one night in DHS custody, Burgess obtained a court order granting her sole custody of H.M.T., who was returned to Burgess's home. According to

Burgess, the investigation was completed and no criminal charge was filed against Turner.[1]

In response to the original Complaint, DHS and Houseman moved to dismiss. DHS argued that the claims asserted against it were barred by the GTCA because all actions with respect to Burgess and H.M.T. were undertaken pursuant to its statutory duties to investigate child abuse allegations. Because it has a statutory duty to perform mandatory acts, including the duty to conduct investigations of child abuse, it argued that the claims against it were barred by the GTCA. The Court agreed,[2] and granted the motion to dismiss, finding that Plaintiff could not state a claim for relief against DHS because it is immune from liability; DHS was dismissed from this action. *See* Order of April 24, 2007 [Doc. No. 32].

Houseman's motion argued she was entitled to qualified immunity from individual liability on Plaintiff's § 1983 claims that Houseman violated H.M.T's Fourth, Fifth and Fourteenth Amendment rights by seizing and detaining H.M.T. without a court order and without probable cause to believe that H.M.T. would be abused if she remained in Burgess's custody. Analyzing the claim according to the standards governing motions to dismiss based on qualified immunity at that time, the Court denied Houseman's Motion in its April 24, 2007 Order [Doc. No. 32] at pp. 4-6. Houseman appealed, and the Tenth Circuit affirmed. *Burgess v. Houseman*, 268 F.App'x 780 (10th Cir. 2008) (unpublished opinion). The Circuit held that Plaintiff had sufficiently alleged a violation of constitutional rights, and that the law in question was clearly established at the relevant time. *Id.* at 783. Accordingly, it affirmed the denial of Houseman's motion to dismiss based on qualified

---

[1] Plaintiff Burgess's former husband has also filed a lawsuit asserting constitutional rights claims based on the events related to the same investigation. *See John Wiliam Turner v. Michael Klika, et al.,* CIV-07-268-D, United States District Court, Western District of Oklahoma.

[2] The Order granting DHS's Motion [Doc. No. 32] was issued by the Honorable David L. Russell, to whom this case was assigned at the time. Subsequently, the case was transferred to the undersigned.

immunity. *Id.* at 784.

After the Circuit's decision, Burgess filed an Amended Complaint; she asserts five claims for relief. The third, fourth, and fifth claims are brought pursuant to § 1983, and assert violations of the Fourth, Fifth and Fourteenth Amendment rights of Burgess or H.M.T. Houseman seeks dismissal based on Fed. R. Civ. P. 12(b)(6), arguing that the allegations are insufficient to state a claim upon which relief may be granted as to Houseman. Alternatively, she contends that she is entitled to qualified immunity from liability.

II. Dismissal for failure to state a claim:

Where a motion to dismiss for failure to state a claim is presented, a court must construe the allegations in the complaint in the light most favorable to the plaintiff. *Buckley Construction, Inc. v. Shawnee Civil and Cultural Development Authority*, 933 F.2d 853 (10th Cir. 1991). All well-pleaded allegations in the complaint must be taken as true. *Id.* at 855.

To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007);[3] See also *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F.App'x 843, 846 (10th Cir. 2008)(unpublished opinion). To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Thus, under *Twombly*, plaintiffs must

---

[3]*Twombly* altered the previous rule that a complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

now "do more than generally allege a wide swath of conduct," and must instead allege sufficient facts to "'nudge[ ] their claims across the line from conceivable to plausible.'"  *Robbins*, 519 F. 3d at 1247 (quoting *Twombly*, 550 U.S. at 547).

Houseman argues that the only allegations against her, set forth in the third, fourth, and fifth claims in the Amended Complaint, fail to satisfy the foregoing requirements because the alleged facts are not sufficient to state a claim that is plausible on its face.  She contends that, as noted by the Tenth Circuit in *Robbins*, the new motion to dismiss standard is particularly important in a § 1983 claim where several employees of a state agency are named as defendants in their individual capacities.  The Circuit in *Robbins* observed that, in § 1983 cases, specific allegations are required because "state actors may only be held liable under § 1983 for their own acts."  *Robbins*, 519 F. 3d at 1251. According to the Circuit:

> Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins*, 519 F. 3d at 1250 (emphasis in original). In *Robbins,* the plaintiffs sued several defendants in their individual capacities, alleging the defendants collectively engaged in specific conduct which violated the plaintiffs' constitutional rights.  According to the Circuit, the allegations were insufficient because the plaintiffs failed to identify the wrongful acts allegedly committed by each defendant.  As the Circuit explained:

> Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.

*Id.*  The Circuit found this insufficient to satisfy the notice pleading requirements of Fed. R. Civ. P.

8 as well as the *Twombly* pleading standards.

In this case, the third claim in the Amended Complaint alleges that H.M.T's Fourth and Fourteenth Amendment rights were violated because she was seized and removed from Burgess without a court order and without probable cause to believe H.M.T.'s continued presence in Burgess's home presented a danger. In support of that contention, Burgess alleges:

> Plaintiff H.M.T. was taken into custody and detained in a childcare center without probable cause or any lawful cause whatsoever by Defendants City, Klika, Houseman and Does 1 through 5, inclusive, while Defendant Klika was interrogating Plaintiff Burgess, asking Plaintiff Burgess inappropriate questions about her sex life with Turner while Plaintiff Burgess was married to Turner, and by making accusations of Turner's sexual abuse of Plaintiff H.M.T.

Amended Complaint, ¶ 56. In the next paragraph, Burgess alleges:

> Although Defendant Klika told Plaintiff Burgess that he knew that there was no child abuse allegation[] against Plaintiff Burgess, he and Defendant Houseman caused Plaintiff H.M.T. to be wrongfully placed in protective custody with Defendant DHS on the pretext that Defendant Klika was afraid that Plaintiff Burgess would attempt to interfere with his investigation against Turner.

*Id.* at ¶ 57. The Amended Complaint further alleges that the "aforesaid Defendants, Klika, Houseman, City, and Does 1 through 5, inclusive, wrongfully detained H.M.T." in violation of her "clearly-established and well-known constitutional rights of freedom from the unreasonable seizure of her person granted to her by the Fourth and Fourteenth Amendments;" she alleges that the same named defendants "wrongfully detained" H.M.T. in violation of her "clearly-established and well-known constitutional rights to be free from the deprivation of her liberty without due process of the law granted to her by the Fourth and Fourteenth Amendments." Amended Complaint, ¶¶ 60-61. Burgess further alleges that this same conduct violated H.M.T.'s Fifth and Fourteenth Amendment rights to due process. *Id.* at ¶¶ 63-65.

The fourth claim of the Amended Complaint is asserted by Plaintiff Burgess only; it alleges

that Klika, Houseman, and Does 1 through 5 collectively violated Burgess's Fourteenth Amendment "right of familial association included in the substantive due process right of freedom of intimate association, and based on the Fourteenth Amendment liberty interest." Amended Complaint, ¶¶69, 70, 72. Burgess alleges that the basis for this claim is:

> Defendants Klika, Houseman and Does 1 through 5, removed Plaintiff H.M.T. from Plaintiff Burgess' care and custody and detained her in a childcare center without probable cause or any lawful cause whatsoever.

*Id.* at ¶ 70.

The fifth claim is also asserted on behalf of Burgess only, and it alleges that the same conduct by Klika, Houseman, and Does 1 through 5 violated Burgess's "clearly-established liberty interest in the custody of her child" and that the same was in violation of the Fourteenth Amendment due process requirements. Amended Complaint, ¶ 81. Again, this claim is asserted against Klika, Houseman and Does 1 through 5 collectively, and is based on the allegation that they "removed Plaintiff H.M.T. from Plaintiff Burgess' care and custody and detained her in a childcare center without probable cause or any lawful cause whatsoever." *Id.*, at ¶ 79.

In the third, fourth, and fifth claims, Plaintiff also alleges that the identified defendants "engaged in a joint venture, assisted each other in performing the actions described, and lent their physical presence and support, as well as the authority of their offices, to each other during said events." Amended Complaint, ¶¶ 62, 73, 82.

Applying the analysis of *Robbins*, Plaintiff's allegations against Houseman are combined with those against other named defendants, without specifying the actions of Houseman which are alleged to have violated Plaintiff's rights. While the Amended Complaint includes extensive factual allegations regarding the events that led to the investigation, and identifies some actions attributed

only to Houseman, these factual allegations do not include an explanation of Houseman's purported role in the detention of H.M.T. and the Child's removal from Burgess's custody, or her role in the decision to place H.M.T. in DHS custody. Nor is there any specific allegation of her role in the apparent decision to do so without first obtaining a court order. Although she alleges that Houseman joined with the others in the allegedly unlawful conduct, Plaintiff does not explain what Houseman did with regard to those specific occurrences. In the context of a § 1983 claim in which Houseman cannot be liable for the conduct of the other named defendants, *Robbins* requires more specificity with regard to the conduct of Houseman which allegedly violated the rights of Burgess and/or H.M.T.

Accordingly, the Court concludes that, pursuant to the standards set forth in *Twombly* and *Robbins*, Plaintiff's allegations against Houseman in the third, fourth, and fifth claims are insufficient to state a claim upon which § 1983 relief may be granted as to Houseman in her individual capacity because Plaintiff has failed to allege facts to show the specific conduct of Houseman on which those claims are based.[4]  To that extent, the Motion to Dismiss is GRANTED. Having so concluded, however, the Court further finds that Plaintiff should be granted leave to amend to attempt to correct these deficiencies, as the Court cannot determine at this time that an amendment would be futile. *See, e.g., Bauchman v. West High School*, 132 F. 3d 542, 559 (10th Cir. 1997).

---

[4]The Court rejects Houseman's repeated argument that Rule 12(b)(6) dismissal is warranted because it is not "plausible" that, as a social worker, she could have participated in a warrantless seizure or arrest of Plaintiff. Her argument ignores the Tenth Circuit's express ruling, on her previous appeal, that the Fourth Amendment requirements regarding search and seizure apply to social workers as well as to police officers. *Turner*, 268 F.App'x at 787 (citing *Jones v. Hunt*, 410 F. 3d 1221, 1225 (10th Cir. 2005) and *Roska ex rel. Roska v. Peterson*, 328 F. 3d 1230, 1240-42 (10th Cir. 2003)). Therefore, Houseman's "plausibility" argument fails under the facts of this case.

III.  Dismissal based on qualified immunity:

"Qualified immunity protects government officials performing discretionary functions from individual liability in federal claims unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Nielander v. Board of County Comm'rs,* ___ F. 3d ___, 2009 WL 2713196, at *8 (10th Cir. Aug. 31, 2009) (quoting *Shero v. City of Grove*, 510 F. 3d 1196, 1204 (10th Cir.2007); see also *Pearson v. Callahan*, ___U.S. , 129 S.Ct. 808, 815 (2009).

Where, as in this case, qualified immunity is asserted in a motion to dismiss, the correct standard for review is the same as for dismissals based on failure to state a claim for relief. *Archuleta v. Wagner* 523 F. 3d 1278, 1281 (10th Cir. 2008) (citing *Moya v. Schollenbarger*, 465 F. 3d 444, 455 (10th Cir.2006). Thus, the Court is "limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F. 3d 488, 494 (10th Cir.1995). The Court must accept as true all "'well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party.'" *Archuleta,* 523 F. 3d at 1283 (quoting *Moya*, 465 F. 3d at 455).

As Plaintiff argues in response to Houseman's motion, the Tenth Circuit previously affirmed the denial of Houseman's motion based on qualified immunity, finding that the allegations in the Complaint, taken as true, were sufficient to overcome a qualified immunity claim. *See Burgess*, 268 F. App'x 780, 784. Subsequent to the Circuit's decision, however, the Supreme Court decided *Pearson*, in which it changed the analysis applicable to a qualified immunity defense.

Prior to *Pearson*, the established qualified immunity analysis required the Court to first determine whether the complaint alleged conduct which amounted to a constitutional violation and,

if so, to then determine whether the right violated was clearly established at the time of the conduct at issue. *Archuleta*, 523 F. 3d at 1283; *see Saucier v. v. Katz*, 533 U.S. 194, 201 (2001). In *Pearson*, however, the Supreme Court modified its *Saucier* holding and held that the Court is no longer required to first consider the existence of a constitutional violation; instead, it may analyze the two-part test in any order it chooses. According to the Supreme Court:

> The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.

*Pearson*, __ U.S. at __; 129 S.Ct. at 818. Thus, the Court is "permitted to address whether the law is clearly established before addressing whether a constitutional violation has occurred." *Nielander*, ___F. 3d at ___, 2009 WL 2713196, at *8 (citing *Pearson*,__U.S. at ___, 129 S.Ct. at 818).

However, *Pearson* did not alter the rule that, where qualified immunity is asserted in a motion to dismiss, the Court's review must be confined to the allegations in the complaint. Notwithstanding the fact that the Court may now consider whether the law was clearly established before determining if a constitutional violation has been sufficiently alleged, that change in the analysis does not impact the ruling in this case. As the Tenth Circuit noted in addressing Houseman's previous motion, the law regarding H.M.T.'s Fourth, Fifth, and Fourteenth Amendment rights was well established at the time of the April 2005 incidents on which Plaintiff's claims are based. *Burgess*, 268 F. App'x at 783-84. Furthermore, as noted in *Burgess*, this Circuit has previously held that the Fourth Amendment prohibitions against unreasonable seizures applies to social workers as well as to police officers. *Id.* at 783 (citing *Jones v. Hunt*, 410 F. 3d 1221, 1225 (10th Cir. 2005) and *Roska ex rel. Roska v. Peterson*, 328 F. 3d 1230, 1240-42 (10th Cir. 2003)). Similarly, the Circuit found the law regarding due process rights of children in this context was well-established. *Burgess*, 268 F. App'x at 783-84

(citing *J. B. v. Washington County*, 127 F. 3d 919, 928-29 (10th cir. 1997)).  Contrary to Houseman's suggestion that the Fourteenth Amendment rights of familial association were not well-established at the time of the actions at issue, the opinions cited in her brief were decided well before 2005. *See, e.g., J.B.,* 127 F. 3d at 928-29; *Griffin v. Strong*, 983 F.2d 1544 (10th Cir. 1993).

As Houseman notes, the Tenth Circuit determined in *VanZandt* that a plaintiff's failure to satisfy the pleading requirements in *Robbins* was also sufficient to warrant granting a motion to dismiss on qualified immunity grounds. *VanZandt*, 276 F.App'x at 848-49; *see also Lamb v. Barton*, Case No. CIV-08-83-F, United States District Court, Western District of Oklahoma , Order of June 11, 2008 [Doc. No. 17].  The Court has compared the allegations set forth in *VanZandt* and *Lamb* with those asserted in the Amended Complaint in this case, and concludes that the allegations in this case are significantly closer to satisfying the requirements of *Robbins.*  Although the Court has concluded that more specificity is required to satisfy the pleading requirements, the Court does not find that such conclusion mandates dismissal on qualified immunity grounds.

The Court concludes that, consistent with the Tenth Circuit's previous decision, Houseman's claim of qualified immunity must be rejected.   Accordingly, to the extent the Motion to Dismiss is based on a claim of qualified immunity, it is DENIED.

IV. Conclusion:

For the foregoing reasons, Houseman's Motion [Doc. No. 59]is GRANTED in part and DENIED in part.  To the extent that dismissal is sought for failure to state a claim pursuant to Rule 12(b)(6), the Motion is GRANTED; Plaintiff is, however, granted leave to file a Second Amended Complaint to attempt to cure the deficiencies noted herein.  The Second Amended Complaint shall be filed within 20 days of the date of this Order.  To the extent that Houseman's Motion seeks

dismissal based on qualified immunity, the Motion is DENIED.

IT IS SO ORDERED this   8th   day of September, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE